United States District Court
Southern District of Texas
**ENTERED**
October 31, 2021
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| HANCOCK WHITNEY BANK, | § § | CIVIL ACTION NO. 4:20-cv-04099 |
| Plaintiff, | § § § | |
| vs. | § § § § | JUDGE CHARLES ESKRIDGE |
| SNA INTERESTS LLC and SOUSAN ALLAMI, Defendants. | § § § | |

**MEMORANDUM AND OPINION
GRANTING DEFAULT JUDGMENT**

The motion by Plaintiff Hancock Whitney Bank for default judgment is granted. Dkt 13.

1. Background

In general, HWB sued Defendant SnA Interests LLC for breaches of multiple notes and a credit card account agreement due to nonpayment, while also suing Defendant Sousan Allami for breaches of related guaranties by which he guaranteed the debt owed by SnA to HWB. Defendants have failed to appear in this matter. The facts alleged by Plaintiff in the complaint and supporting affidavits are thus accepted as true. See *Nishimatsu Construction Company v Houston National Bank*, 515 F2d 1200, 1206 (5th Cir 1975).

With a bit more detail, HWB alleges that SnA has failed to make the necessary and agreed payments to HWB pursuant to the terms of (i) a commercial term note dated November 16, 2018 in the original principal amount of $2,788,000.00 made by SnA in favor of HWB; (ii) another commercial term note dated November 16, 2018 in the

original principal amount of $1,466,131.65 made by SnA in favor of HWB; (iii) a promissory note dated December 13, 2018 in the original principal amount of $300,000.00 made by SnA in favor of HWB; and (iv) a VISA business credit card account through which SnA maintained a corporate credit card account with HWB pursuant to a business credit application dated December 13, 2018. Dkt 1 at ¶ 1. Allami is a guarantor of the debt owed by SnA to HWB pursuant to the terms of a continuing guaranty dated November 16, 2018 and a commercial guaranty dated December 13, 2018. Id at ¶ 2.

SnA and Allami have failed to make payments they each owe to HWB as agreed. Id at ¶¶ 1 & 3. The amounts that remain due and owing, after foreclosures and setoffs, is detailed elsewhere below. See also id at ¶¶ 31, 35–41.

HWB brought this action against SnA and Allami in December 2020. It seeks damages in the amount of $1,980,394.16 plus costs, conditional attorney fees, and post-judgment interest. Dkt 13 at ¶ 14. It has previously been established that SnA and Allami were properly served. But they didn't answer or otherwise respond. The request by HWB for entry of default was granted. Dkt 10. The Clerk then entered default against them both on March 2, 2021. See Entry of Default of 03/02/21.

HWB now moves for default judgment pursuant to Rule 55(b)(2). Dkt 13.

### 2. Legal Standard

Rule 55 of the Federal Rules of Civil Procedure governs applications for default and default judgment. This involves sequential steps of default, entry of default, and default judgment. A *default* occurs "when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *New York Life Insurance Company v Brown*, 84 F3d 137, 141 (5th Cir 1996). An *entry of default* is what the clerk enters when a plaintiff establishes the default by affidavit or otherwise pursuant to Rule 55(a). A *default judgment* can thereafter

enter against a defendant upon application by a plaintiff pursuant to Rule 55(b)(2).

The Fifth Circuit instructs that a default judgment is "a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v Pelican Homestead & Savings Association*, 874 F2d 274, 276 (5th Cir 1989) (citations omitted). A plaintiff isn't entitled to a default judgment as a matter of right, even if default has been entered against a defendant. *Lewis v Lynn*, 236 F3d 766, 767 (5th Cir 2001). Rather, a default judgment "must be 'supported by well-pleaded allegations' and must have 'a sufficient basis in the pleadings.'" *Wooten v McDonald Transit Associates Inc*, 788 F3d 490, 498 (5th Cir 2015) (citation omitted). The well-pleaded allegations in the complaint are assumed to be true, except those regarding damages. *Nishimatsu*, 515 F2d at 1206.

The decision to enter a judgment by default is discretionary. *Stelax Industries Ltd v Donahue*, 2004 WL 733844, *11 (ND Tex). "Any doubt as to whether to enter or set aside a default judgment must be resolved in favor of the defaulting party." *John Perez Graphics & Design LLC v Green Tree Investment Group Inc*, 2013 WL 1828671, *3 (ND Tex), citing *Lindsey v Prive Corporation*, 161 F3d 886, 893 (5th Cir 1998).

### 3. Analysis

SnA and Allami were properly served and never answered. The entry of default was thus deemed appropriate under Rule 55(a). See Dkt 10.

The remaining question concerns the propriety of entry of default judgment. Three inquiries pertain to that consideration. The first is whether the entry of default judgment is procedurally warranted. The next is whether the substantive merits of the plaintiff's claims as stated in the pleadings provide a sufficient basis for default judgment. The last is whether and what relief the plaintiff should receive. For example, see *Nasufi v King Cable Inc*, 2017 WL 6497762, *1–2 (ND Tex); *United States v 1998*

*Freightliner*, 548 F Supp 2d 381, 384 (WD Tex 2008); *Joe Hand Promotions Inc v Casison*, 2019 WL 3037074, *2 (SD Tex).

      a. Procedural requirements

The following factors are pertinent to a decision whether default judgment is procedurally appropriate:

- *First,* whether material issues of fact are in dispute;
- *Second,* whether there has been substantial prejudice to the plaintiff;
- *Third,* whether the grounds for default are clearly established;
- *Fourth,* whether the default was caused by a good-faith mistake or excusable neglect on the defendant's part;
- *Fifth,* whether default judgment is inappropriately harsh under the circumstances; and
- *Sixth,* whether the court would think itself obliged to set aside the default upon motion by the defendant.

*Lindsey*, 161 F3d at 893, citing Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2685 (West 3d ed 1998).

*First,* Plaintiffs' well-pleaded allegations against Defendants are assumed to be true. See *Nishimatsu*, 515 F2d at 1206. Neither has answered or otherwise defended this action, and so no material facts appear to be in dispute. See *Innovative Sports Management Inc v Martinez*, 2017 WL 6508184, *3 (SD Tex).

*Second*, Plaintiffs have naturally experienced substantial prejudice. HWB provided notice of default and warning of its intent to accelerate numerous times to allow Defendants opportunity to cure the defaults. See generally Dkt 1. Defendants didn't respond and likewise haven't defended this action, effectively halting the adversarial process. See *China International Marine Containers Ltd v Jiangxi Oxygen Plant Co*, 2017 WL 6403886, *3 (SD Tex);

*Insurance Company of the West v H&G Contractors Inc*, 2011 WL 4738197, *3 (SD Tex).

*Third,* the Clerk properly entered default against Defendants pursuant to Rule 55(a) because neither answered or otherwise defended this action. See Entry of Default of 03/02/21. Default judgment is likewise proper because they still haven't answered or otherwise defended. See *United States v Padron*, 2017 WL 2060308, *3 (SD Tex); *WB Music Corporation v Big Daddy's Entertainment Inc*, 2005 WL 2662553, *2 (WD Tex).

*Fourth,* nothing suggests that the default by Defendants has been the product of good-faith mistake or excusable neglect. See *Insurance Company of the West*, 2011 WL 4738197 at *3; *Innovative Sports Management*, 2017 WL 6508184 at *3; *Lindsey*, 161 F3d at 893.

*Fifth,* nothing suggests that it would be too harsh to enter default judgment against these Defendants who have taken no action to respond to this suit. See *Joe Hand Promotions Inc v 2 Tacos Bar & Grill, LLC* 2017 WL 373478, *2 (ND Tex), citing *Lindsey*, 161 F3d at 893; *Insurance Company of the West*, 2011 WL 4738197 at *3. HWB attempted to resolve this dispute before bringing suit. And Defendants have had over ten months to respond to HWB's complaint, further mitigating any harshness of entering a default judgment. See *Insurance Company of the West*, 2011 WL 4738197 at *3, citing *Lindsey*, 161 F3d at 893.

*Sixth,* nothing is apparent that would cause the default judgment to be set aside if Defendants were to challenge it. See *Insurance Company of the West*, 2011 WL 4738197 at *3 (citations omitted).

Given the foregoing, entry of default judgment pursuant to Rule 55(b) is procedurally appropriate.

    b.  Substantive requirements

HWB alleges that SnA breached multiple notes and credit card account agreements, the debts of which Allami guaranteed and breached. But there still must be "a sufficient basis in the pleadings for the judgment entered."

5

*Nishimatsu*, 515 F2d at 1206. This is so because a default judgment is valid "only so far as it is supported by well-pleaded allegations, assumed to be true." Ibid.

The inquiry is thus whether the complaint satisfies Rule 8 of the Federal Rules of Civil Procedure. See *Wooten v McDonald Transit Associates Inc*, 788 F3d 490, 497–98 (5th Cir 2015). Rule 8(a)(2) requires a plaintiff's complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court holds that this "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v Iqbal*, 556 US 662, 678 (2009), quoting *Bell Atlantic Corp v Twombly*, 550 US 544, 555 (2007).

The factual allegations in HBW's complaint are sufficient to satisfy the low threshold of Rule 8. HWB sufficiently establishes that SnA and Allami are each liable to it. In its complaint, HWB provides dates the notes and agreements were signed, as well as the value given in consideration thereof. See Dkt 1 generally. And it asserts that Defendants were made aware of the remaining deficiency balance on the loans through communications with their foreclosure attorney. Dkt 13 at 3. HWB claims that after it foreclosed on the property in December 2019, its counsel explained calculations for the deficiency balance to counsel representing Defendants during the foreclosure. Ibid.

The substantive merits of the claims as stated in the complaint provide a sufficient basis for default judgment.

### c. Appropriate remedies

HWB seeks $1,963,459.98 in damages and $16,934.18 in costs and fees, along with interest. Dkt 13 at 13–14.

Rule 55(b)(2) provides for hearing for an accounting or to determine the amount of damages. Damages ordinarily may not be awarded upon default judgment "without a hearing or a demonstration by detailed affidavits establishing the necessary facts." *United Artists Corporation v Freeman*, 605 F2d 854, 857 (5th Cir 1979).

6

But where the requested damages can be "determined with certainty" from the pleadings and supporting documents and a hearing would reveal no pertinent information, the court needn't "jump through the hoop of an evidentiary hearing." *James v Frame*, 6 F3d 307, 310–11 (5th Cir 1993).

*As to damages.* HWB provided executed copies of the commercial term notes, the promissory note, the credit card application agreement, continuing guaranty, commercial guaranty, business loan agreements, deed of trust, and credit card statements. Dkts 1-1 through 1-10. It also provided an affidavit from its Vice President in the Special Credit Department outlining details of the remaining balances owed by Defendants. Dkt 13-3 (affidavit of Robert Stone). And HWB provided the affidavit of its counsel regarding notices he provided Allami and her attorney concerning default and the intent to accelerate, the pendency of this action, and the remaining deficiency balance following the foreclosure proceeding. Dkt 13-4 (affidavit of Neale Shields). HWB seeks $1,963,459.98 in damages. Dkt 13 at 4. This represents the remaining principal and accrued unpaid interest and late fees owned under the commercial term notes, the promissory note, the credit card application agreement. Ibid.

HWB will be awarded $1,963,459.98 in damages.

*As to attorney fees and costs.* HWB seeks $16,934.18 in attorney fees and costs. Counsel for HWB has provided declarations establishing those requests. Dkt 13-4. The Court finds these costs and fees to be reasonable under the circumstances. *KingVision Pay-Per-View Ltd v Popoca*, 2007 WL 9754680, *1 (SD Tex).

HWB will be awarded $16,934.18 in attorney fees and costs.

*As to post-judgment interest.* HWB seeks an award of post-judgment interest, as is their right. Dkt 13 at 5. "Interest shall be allowed on any money judgment in a civil case recovered in a district court." 28 USC § 1961(a). District courts lack discretion to deny such interest on monetary judgments. *Joy Pipe USA LP v ISMT Ltd*,

7

703 F App'x 253, 259 (5th Cir 2017), citing *Meaux Surface Protection Inc v Fogleman*, 607 F3d 161, 173 (5th Cir 2010).

HWB will be awarded post-judgment interest at the applicable federal rate from the date of judgment until the judgment is paid in full.

4. Conclusion

The motion by Plaintiff Hancock Whitney Bank for default judgment against Defendants SnA Interests LLC and Sousan Allami is GRANTED. Dkt 13.

SnA and Allami are ORDERED to pay HWB $1,963,459.98 in damages and $16,934.18 in attorney fees and costs.

This judgment is subject to post-judgment interest pursuant to 28 USC § 1961 at the applicable federal rate from the date of judgment until paid in full.

SO ORDERED.

Signed on October 31, 2021, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge

8